Affirmed in Part, Reversed and Remanded in Part, and Majority
and Concurring Opinions filed March 3, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00344-CV

____________

 

PAUL MINIX, Appellant

 

V.

 

PAUL GONZALES,
CURTIS PITTS, AND LAYLA WUTTKE, Appellees

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 26,901

 



 

M A J O R I T Y   O P I N I O N








Paul Minix appeals from the dismissal of
his lawsuit against Paul Gonzales, Curtis Pitts, and Layla Wuttke.  In his petition, Minix, an inmate at a state
correctional facility, alleged that Gonzales, also an inmate, violated the
Texas Open Records Act by unlawfully obtaining a copy of a lawsuit that Minix
filed against certain correctional officers. 
Minix further alleged that Pitts and Wuttke, both correctional officers,
violated the Texas Theft Liability Act by unlawfully taking a law book from his
cell.  The trial court dismissed Minix’s
lawsuit with prejudice as having no arguable basis in law.  In his sole issue, Minix contends the trial
court erred in dismissing his lawsuit. 
We affirm in part and reverse and remand in part.

Discussion








Inmate in forma pauperis lawsuits
are governed by Chapter 14 of the Texas Civil Practice & Remedies
Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.001–.014 (Vernon 2002).  The chapter provides several grounds on which
a court may dismiss such actions.  See
id. § 14.003.  In this case, prior to
service of process and without conducting an evidentiary hearing, the trial
court dismissed Minix’s claims because it found “that the Plaintiff has failed
to state a cause of action as a matter of law.” 
We interpret the trial court’s action as a dismissal based on a finding
that Minix’s claims are frivolous because they have no arguable basis in the
law.  See id. § 14.003 (a), (b); Retzlaff
v. Tex. Dept. of Crim. J., 94 S.W.3d 650, 653 (Tex. App.—Houston [14th
Dist.] 2002, pet. denied) (stating that, if, without an evidentiary hearing, a
trial court dismisses a claim as frivolous under section 14.003 of the Texas
Civil Practice and Remedies Code, then the dismissal can be affirmed on appeal
only if the claim has no arguable basis in law).  For a claim to have no arguable basis in law,
it must be based on “an indisputably meritless legal theory,” or be based on
wholly incredible or irrational factual allegations.  Gill v. Boyd Distrib. Ctr., 64 S.W.3d
601, 603 (Tex. App.—Texarkana 2001, pet denied) (quoting Neitzke v. Williams,
490 U.S. 319, 327 (1989), and citing Denton v. Hernandez, 504 U.S. 25,
33 (1992)).  An inmate’s cause of action
may not be dismissed merely because the court considers the allegations
“unlikely.”  Id. at 604 (quoting Denton,
504 U.S. at 33).  We utilize a de novo
standard of review in determining whether Minix’s claims have an arguable
basis in law.  Retzlaff, 94 S.W.3d
at 653.  A pro se inmate’s
petition should be viewed with liberality and patience and is not held to the
stringent standards applied to formal pleadings drafted by attorneys.  Hughes v. Rowe, 449 U.S. 5, 9–10 &
n.7 (1986) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)); Black
v. Jackson, 82 S.W.3d 44, 51 (Tex. App.—Tyler 2002, no pet.); Aguilar v.
Stone, 68 S.W.3d 1, 1–2 (Tex. App.—Houston [1st Dist.] 1997, no pet.).[1]








The first cause of action listed in Minix’s
petition was against Paul Gonzales for violation of the Texas Open Records
Act.  Tex.
Gov’t Code Ann. §§ 552.001–.353 (Vernon 1994 & Supp. 2004).  Specifically, Minix alleged that Gonzales
unlawfully obtained a copy of a federal lawsuit Minix had filed against certain
correctional officers, citing sections 552.103(c) and 552.352.  Id. §§ 552.103(c), 552.352(a).  Section 552.352(a) makes it a crime for a
person to distribute information considered confidential under the terms of
Chapter 552.  Section 552.103(c) provides
for an exception to open records requirements for information relating to
litigation involving a governmental body or an officer or employee of a
governmental body.  Id. §
552.103(c).  However, Minix provides no
authority or analysis regarding how the criminal sanctions contained in section
552.103 can be converted into a right to monetary damages for an individual,
and we are aware of no such authority. 
Furthermore, the only part of section 552.352 that could arguably apply
to Gonzales’s conduct addresses the distribution of confidential
information; whereas, in his petition, Minix only complained that Gonzales
unlawfully obtained information.[2]  Accordingly, we conclude that the trial court
correctly determined that Minix’s first claim lacks an arguable basis in law.  The trial court properly dismissed this cause
of action.  See Retzlaff, 94
S.W.3d at 653.








Minix’s second and third causes of action
alleged violations of the Theft Liability Act 
by correctional officers Pitts and Wuttke.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 134.001–.005 (Vernon 1997 & Supp.
2004).  The petition specifically names
the officers in their individual capacities but also appears to sue them in
their official capacities.  To the extent
the petition named the officers in their official capacities, the claims are
barred by sovereign immunity.  See,
e.g., Univ. of Tex. Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 777
(Tex. App.—Houston [1st Dist.] 1999, pet. dism’d w.o.j.) (holding that
sovereign immunity bars intentional tort suits against state employees in their
official capacities).  Theft is
undoubtedly an intentional act.  See
Tex. Pen. Code Ann. § 31.03(a)
(Vernon Supp. 2004) (providing that a person commits theft if he or she
“unlawfully appropriates property with intent to deprive the owner of
property”); see also Tex. Civ.
Prac. & Rem. Code Ann. § 134.002 (defining “theft” by reference to
Penal Code section 31.03).  The Texas
Tort Claims Act does not waive sovereign immunity for intentional acts.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997); Hohman,
6 S.W.3d at 777.  Accordingly, the trial
court properly dismissed Minix’s second and third causes of action to the
extent they named Pitts and Wuttke in their official capacities.  See Retzlaff, 94 S.W.3d at 653.

Sovereign immunity does not, however, bar
Minix’s theft allegations against Pitts and Wuttke in their individual
capacities.  See Harrison v. Tex.
Dept. of Crim. J.–Inst’l Div., 915 S.W.2d 882, 888 (Tex. App.—Houston [1st
Dist.] 1995, no writ) (holding that sovereign immunity did not justify
dismissal of claims against state officials in their individual capacities).[3]  Minix alleged that Wuttke entered his cell
and removed a book that belonged to him without justification and subsequently
failed to either return it to him or turn it in to the prison property
official.  Minix further alleged that
Pitts participated in the theft by authorizing the book’s seizure and,
essentially, by conspiring with Wuttke. 
Minix then properly cited the Texas Theft Liability Act.[4]  Construing Minix’s petition with liberality
and patience, we conclude that there is an arguable basis in law as to Minix’s
Theft Liability Act claims against Pitts and Wuttke in their individual
capacities.  Hughes, 449 U.S. at
9–10 & n.7; Black, 82 S.W.3d at 51; Aguilar, 68 S.W.3d at
1–2.  Accordingly, the trial court erred
in dismissing Minix’s theft claims against Pitts and Wuttke in their individual
capacities.  We thus sustain Minix’s sole
issue in part.








The trial court’s judgment is affirmed in
regard to the dismissal of Minix’s claim against Gonzales and his claims
against Pitts and Wuttke in their official capacities; however, the judgment is
reversed and remanded in regard to Minix’s claims against Pitts and Wuttke in
their individual capacities.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Majority and Concurring Opinions filed March 3, 2005.

Panel consists of Chief Justice
Hedges and Justices Hudson and Frost. 
(Frost, J., concurring.)

 

 

 











[1]  The
concurrence criticizes our application of the Haines rule that a pro
se inmate’s pleadings should not be held to the stringent standards applied
to attorney-crafted pleadings.  404 U.S. at 520–21.  The Haines
rule is far from a novel proposition of law, even in Texas.  Twelve of the fourteen intermediate courts of
appeals have cited Haines favorably or have applied the Haines
rule without specifically citing Haines; in fact, a total of twenty-one
published and at least twenty-six unpublished Texas cases have followed the Haines
rule.  See, e.g., Vacca v. Farrington,
85 S.W.3d 438, 441 (Tex. App.—Texarkana 2002, no pet.); Black, 82 S.W.3d at 51; Aguilar,
68 S.W.3d at 1–2; In re Taylor, 28 S.W.3d 240, 245 (Tex. App.—Waco 2000, no pet.); see
also Gomez v. Tex. Dep’t of Crim. J., No. 14-94-01114-CV; 1995 WL 688870,
*3 (Tex. App.—Houston [14th Dist.] Nov. 22, 1995, no pet.) (citing Haines
but not discussing applicability).  A
check of citations nationwide reveals that Haines has been cited over
13,000 times, including at least once in most jurisdictions in the
country.  See, e.g., Laubach v.
Roberts, 90 P.3d 961, 966 (Kan. Ct. App. 2004); B.S. v. State of Florida,
862 So.2d 15, 17 (Fla. Dist. Ct. App. 2003).

Further, no Texas court has expressly rejected the Haines
rule.  Mansfield State Bank v. Cohn,
the Texas Supreme Court case cited by the concurrence, merely stated the
general proposition that pro se litigants must comply with applicable
procedural rules; it did not involve pleadings prepared by an inmate.  573 S.W.2d 181, 185 (Tex. 1978) (noting that pro
se litigant was an attorney in another state).  The other three cases cited by the
concurrence include a memorandum opinion of this court and two cases by other
courts of appeals.  Green v. Kaposta, __ S.W.3d __, __, 2005 WL 56976
(Tex. App.—Dallas Jan. 12, 2005, no pet. h.); Gaffney v. Tex. Dept. of Crim.
J.–Inst’l Div., No. 14-03-00472-CV, 2004 WL 1898488 (Tex. App.—Houston
[14th Dist.] Aug. 26, 2004, no pet.); White v. Cole, 880 S.W.2d 292
(Tex. App.—Beaumont 1994, writ denied).  None of these cases even notes the existence
of the Haines rule, much less analyzes whether it applies in Texas.  Instead, each simply cites the general
proposition from Mansfield regarding pro se pleadings.  See Green, __ S.W.3d at __, 2005 WL 56976, at *1; Gaffney,
2004 WL 1898488, at *3 n.7; White, 880 S.W.2d at 294.  It is
therefore questionable as to whether these cases can be read as disapproving of
the Haines rule.

The concurrence is correct that Haines
was decided under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed.
R. Civ. P. 12(b)(6) (permitting dismissal of pleading for failure to
state a claim on which relief can be granted); Haines, 404 U.S. at 520–21.  The
concurrence further points out that there is no direct analogue in Texas
procedure to Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Fort Bend County v. Wilson,
825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ).  While this proposition is generally correct,
we cannot turn a blind eye to section 14.003 of the Texas Civil Practice and
Remedies Code, which authorizes a court to dismiss a pro se inmate’s
appeal for failing to state a claim with an arguable basis in law.  See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (a), (b); Retzlaff, 94 S.W.3d 653.  The
similarity between section 14.003 and Rule 12(b)(6) suggests that, at a
minimum, the Haines rule should and does apply when a Texas trial court
dismisses a pro se inmate’s appeal under section 14.003.  Furthermore, there is nothing in Haines,
or the other Supreme Court cases, that suggests that the rationale underlying
the rule is not applicable outside the 12(b)(6) context.  Clearly, courts in Texas have found that it
is applicable in other contexts.





[2]  Section
552.352(a-1), which concerns obtaining access to confidential information under
section 552.008, only applies to an officer or employee of a governmental body;
therefore, this provision cannot apply to inmate Gonzales.





[3]  Although
official immunity potentially bars these claims, it is an affirmative defense
that must be plead and proven.  Harrison,
915 S.W.2d at 888.





[4]  The Theft
Liability Act provides that “[a] person who commits theft is liable for the
damages resulting from the theft.”  Tex. Civ. Prac. & Rem. Code Ann. §
134.003(a).  It further details the
damages recoverable by a person who has been the victim of theft.  Id. § 134.005.