Dan **BERRY**, Appellant,

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., Appellees.**

No. 12–92–00267–CV.

Court of Appeals of Texas, Tyler.

Aug. 12, 1993.

Dan Berry, pro se.

James A. Lynaugh, Executive Director, Huntsville, for appellees.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is an appeal from a Section 13.001, TEXAS CIVIL PRACTICE & REMEDIES CODE dismissal. Dan Berry is an inmate in the Texas Department of Criminal Justice–Institutional Division (hereinafter "TDCJ–ID") and has proceeded *pro se* as an indigent pursuant to TEX.R.CIV.P. 145. The Appellees are the Texas Department of Criminal Justice and TDCJ–ID prison wardens, officers, and other officials. We will reverse the trial court's judgment.

Berry filed suit against the Appellees and alleged three separate claims: (1) confiscation and loss of personal property, (2) abuse of power, and (3) denial of diabetes medical treatment. The Appellees did not file an answer in response to Berry's claims. Three weeks later, the trial court dismissed the claims pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE ANN. section 13.001 (Vernon 1986), from which Berry now appeals.

■■■ Berry argues that the trial court abused its discretion when it dismissed his action as frivolous. The court did not state a reason for issuing its order of dismissal. A trial court has broad discretion to determine whether a suit filed pursuant to TEXAS RULE OF CIVIL PROCEDURE 145 is frivolous and should be dismissed under Section 13.001. *Johnson v. Lynaugh*, 800 S.W.2d 936, 938 (Tex.App.—Houston [14th Dist.] 1990, no writ). On appeal, this Court is not authorized to reverse a Section 13.001 dismissal order unless it determines that the trial court abused its discretion. *Birdo v. DeBose*, 819 S.W.2d 212, 214 (Tex.App.—Waco 1991, no writ). Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon 1986).

The Texas Supreme Court addressed the application of the statute in *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990) (a *per curiam* opinion denying a writ of error from this Court). *See Johnson v. Lynaugh*, 766 S.W.2d 393 (Tex.App.—Tyler 1989). The Supreme Court applied federal decisions interpreting an analogous federal statute, 28 U.S.C. § 1915(d). The court stated that the only proper factor to be considered is found in Section 13.001(b)(2): whether "the claim has no arguable basis in law or in fact." *Johnson*, 796 S.W.2d at 706. Likewise, the Supreme Court of the United States has stated that "a complaint ... is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

■■■ Berry's claims were brought pursuant to the TEXAS TORT CLAIMS ACT and 42 U.S.C. § 1983. His first claim alleged that prison officials confiscated his Panasonic portable stereo during a cell "shakedown." Officials later admitted that the property was not contraband and should be returned to Berry. However, in what Berry describes as a power struggle, the property official has failed to comply with the warden's order to return to Berry the stereo. Unauthorized, intentional

deprivations of an inmate's property may constitute a violation of the procedural requirements of the Due Process Clause of the FOURTEENTH AMENDMENT. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984). Accordingly, the court abused its discretion in dismissing Berry's first claim as lacking an arguable basis in law or in fact.

■ Berry's second claim alleged that prison officials engaged in an "abuse of power" when they ordered Berry to share his cell with a black inmate. A self-proclaimed White Supremacist, Berry was originally classified as "racially restricted." However, Berry was subsequently reclassified as racially eligible for in-cell integration with black inmates. When Berry refused the in-cell integration, he was disciplined accordingly.

Appellant's federal constitutional claims are stated in terms of claims under 42 U.S.C. § 1983. The initial analysis in any Section 1983 action should be to determine whether the two essential elements for a Section 1983 action are present. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).[1] These elements are:

(1) whether the conduct complained of was committed by a person acting under color of state law; and

(2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws of the United States.

*Id.*, (citing *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Even if it is assumed that Appellees, as state employees, were acting under color of state law, we find that Appellant has not alleged the requisite deprivation of a right, privilege, or immunity when he complained of the officials' "abuse of power" in their decision to integrate Berry's prison cell. The trial court did not abuse its discretion in dismissing Berry's second claim.

■ In his third claim, Berry alleged that the prison officials' conduct inflicted cruel and unusual punishment in violation of the EIGHTH AMENDMENT. In a prisoner's claim based on the EIGHTH AMENDMENT'S prohibition against infliction of cruel and unusual punishment, an inmate must allege "deliberate indifference to his 'serious' medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Mere negligence will not satisfy the "deliberate indifference" standard. *Wilson v. Seiter*, —— U.S. ——, ——, 111 S.Ct. 2321, 2328, 115 L.Ed.2d 271 (1991).

■ A review of the transcript filed in this cause shows that Berry alleged the following facts. Berry is a diabetic and requires two treatments of insulin per day. After he would not allow prison officials to racially integrate his cell, Berry contends that the officials became deliberately indifferent to his medical needs and delayed the required insulin and special diet.

Berry complains that on numerous occasions the prison officials' actions in delaying his medical treatments resulted in mild insulin reactions, producing the shakes, sweat, nausea, and severe headaches. Berry also alleged that on one occasion the prison officers deliberately ignored his pleas for help and took Berry to the hospital only after a nurse was notified and ordered him to be hospitalized. The hospital records contained the following entry: "weakness, dizziness, shaky, color pale, very shaky, skin cool, blood pressure 170/90, pulse 100...." Berry alleged numerous similar instances where the prison officers deliberately delayed his insulin treatment as retaliation for not allowing in-cell integration.

We conclude that Berry alleged numerous instances of deliberate indifference on the part of the prison officials. His claims lack neither an arguable basis in law or fact. He has alleged facts which give rise to a cognizable cause of action and cannot be classified as frivolous and without merit. The trial court abused its discretion in dismissing Berry's third claim, under Section 13.001 of the TEXAS CIVIL PRACTICE & REMEDIES CODE ANN.

---

1. *Parratt* was overruled in part by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). However *Daniels* only overruled *Parratt* to the extent that *Parratt* allowed an action under § 1983 for negligent conduct of state officials.

The judgment of the trial court is **reversed and the cause remanded.**