In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-073 CV


____________________



DONALD RAY McCRAY, Appellant



V.



R. REED AND T. BAIRD, Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-164,085






OPINION



 Alleging that various items of personal property, including prescription medication,
were intentionally destroyed, appellant Donald Ray McCray brought an in forma pauperis,
pro se inmate suit against two prison officials. He claimed $2,500 in compensatory
damages and $2,500 in punitive damages. The trial court dismissed his suit under Chapter
14 of the Texas Civil Practice and Remedies Code on the grounds that McCray failed to
comply with the requirements of Chapter 14 and that McCray's petition lacked an arguable
basis in law. McCray appeals from the trial court's dismissal order. 

 In his initial brief on appeal, McCray alleges that officers Reed and Baird 
"wilfully, knowingly, and intentionally" destroyed his dental floss and prescription
medicine (1) on August 14, 2000. He also appears to claim the trial court should have held
a hearing before dismissing his case under Chapter 14. In a supplemental brief, McCray
states that the officers intentionally, knowingly, and with malice destroyed his medication,
as well as legal and correspondence material, religious literature, incoming and outgoing
mail, toothbrush, toothpaste, deodorant, soap, ink pens, pencils, shampoo, and shower
shoes. He claims such conduct was in violation of the rules, regulations, policies, and
statutory authority governing the operation of the prison. 

 A trial court may dismiss a claim as frivolous when it has no arguable basis in law. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2) (Vernon Supp. 2002). 
The trial court's dismissal of a suit under Chapter 14 of the Texas Civil Practices and
Remedies Code is reviewed under an abuse of discretion standard. See Hickson v. Moya,
926 S.W.2d 397, 398 (Tex. App.--Waco 1996, no writ). Similarly, a trial court's decision
on whether to hold a hearing is discretionary. See Thomas v. Wichita Gen. Hosp., 952
S.W.2d 936, 938 (Tex. App.--Fort Worth 1997, pet. denied); Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(c) (Vernon Supp. 2002) (In determining whether a claim is frivolous
or malicious, the court may hold a hearing.). The statute does not mandate a hearing. 
Moreover, McCray does not contend there is evidence he would have presented had a
hearing been held. The trial court did not abuse its authority in failing to hold a hearing.

 McCray expressly pleaded his case under the Texas Tort Claims Act. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.001 - 101.109 (Vernon 1997 & Supp. 2002). A
party bringing a cause of action under the Texas Tort Claims Act must sue a governmental
unit of the State. See Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.--Houston
[1st Dist.] 1998, no pet.). McCray did not do so. Instead, he sued two correctional
officers. Consequently, the trial court correctly dismissed his Texas Tort Claims Act cause
of action. 

 McCray does not appear to have pleaded a cause of action under 42 U.S.C. § 1983
(1994). However, if we construe his pleading as having done so, the trial court
nonetheless did not err in dismissing his claim. In his petition, McCray describes the
officers' conduct in terms of "intentionally" destroying his property and as being violative
of due process. The United States Supreme Court has held that "an unauthorized
intentional deprivation of property by a state employee does not constitute a violation of
the procedural requirements of the Due Process Clause of the Fourteenth Amendment if
a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468
U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Aguilar v. Chastain, 923 S.W.2d
740, 743-44 (Tex. App.--Tyler 1996, writ denied); but see Gordon v. Scott, 6 S.W.3d
365, 369-70 (Tex. App.--Beaumont 1999, pet. filed); Berry v. Texas Dep't of Criminal
Justice, 864 S.W.2d 578, 579-80 (Tex. App.--Tyler 1993, no writ). The Texas legislature
has provided an administrative remedy to pay inmates' claims for property lost or damaged
by the Department of Criminal Justice. See Tex. Gov't Code Ann. §§ 501.007, 501.008 
(Vernon 1998). Further, the deprivation may be redressed with a common law suit. 
Adequate post-deprivation avenues exist to compensate McCray for his alleged loss. 
Accordingly, we conclude any due process claim had no arguable basis in law, and 
McCray has not stated a claim under section 1983. 

 The trial court did not abuse its discretion in dismissing McCray's suit. McCray's
issues are overruled. 





 JUDGMENT AFFIRMED. 

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on June 10, 2002

Opinion Delivered July 11, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In the Step 1 Grievance, McCray recited that the officers disposed of various items
of personal property, and he requested replacement of those items. He also stated that
other disposed-of items included legal, religious, educational correspondence, "as well as
medical." Nowhere in either his Step 1 or Step 2 grievances does he expressly declare that
the officers destroyed his prescription medication. That item of property is first mentioned
in his petition before the district court.