NO.
12-07-00012-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RICHARD
H. ARCHER,      §                      APPEAL FROM THE 369TH

APPELLANT

 

 

V.        

§                      JUDICIAL DISTRICT COURT OF

 

TEXAS DEPARTMENT OF CRIMINAL

JUSTICE–INSTITUTIONAL DIVISION,

MR. WILBANKS, MR. TEETZ, AND

ROBERT FRYAR,

APPELLEES §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Richard
H. Archer, an inmate proceeding pro se, filed an in forma pauperis lawsuit
against the Texas Department of Criminal Justice - Institutional Division (“TDCJ-ID”)
and three TDCJ-ID employees, referred to respectively as “Mr. Wilbanks,” “Mr.
Teetz,” and “Robert Fryar.”  In two
issues, Archer alleges that the trial court abused its discretion by dismissing
his lawsuit and contends that we should consider and grant his motion for
appointment of counsel.  We affirm in
part, reverse in part, and overrule the motion for appointment of counsel.[1]









Background[2]

            Archer is an inmate of TDCJ-ID.  Archer alleges that while incarcerated at
TDCJ-ID’s Powledge Unit in Palestine, Texas, he was ordered by TDCJ-ID
employees to use a cloth and a flammable substance to “prime” diesel trucks in
preparation for moving the trucks to another location at the unit.  He alleges that, following his completion of
one such procedure, a TDCJ-ID employee began to start the engine of the “primed”
diesel truck.  As alleged by Archer, “as
[the employee] attempted to start the truck, it back fired [sic] with flames
from the intake catching [Archer’s fuel-covered] left shirt sleeve on fire.”  According to Archer, “doctors established
that [Archer] had sustained 2nd and 3rd degree burns to his left arm, side, and
face.”  

            On September 5, 2006, Archer filed a
lawsuit in the 369th Judicial District Court. 
On December 13, 2006, the trial court sua sponte dismissed Archer’s
lawsuit without prejudice.  This appeal
followed.

 

Dismissal

            In his first issue, Archer contends
that the trial court abused its discretion by dismissing his lawsuit.

Chapter 14
Dismissal and Applicable Standard of Review

            Inmate lawsuits such as Archer’s are
controlled by Chapter 14 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002).  Chapter 14 was designed to control the flood
of frivolous lawsuits being filed in the courts of this state by prison
inmates.  See Mullins
v. Estelle High Sec. Unit, 111 S.W.3d 268, 271 n.1 (Tex. App.–Texarkana
2003, no pet.).  The Waco Court of
Appeals has noted that

 

[p]risoners have everything to gain and little to lose
by filing frivolous suits.  It costs them
almost nothing; time is of no consequence to a prisoner; threats of sanctions
are virtually meaningless; and the prisoner can look forward to a day trip to
the courthouse.  Thus, the temptation to
file a frivolous suit is strong.  Such
suits, however, waste valuable judicial resources and subject the state and its
prison officials to the burden of unwarranted litigation, preventing claims
with merit from being heard expeditiously.

Hickson v.
Moya, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ) (citations
omitted).  

            We review the trial court’s
dismissal of an in forma pauperis lawsuit such as Archer’s under an abuse of
discretion standard.  Williams v.
Tex. Dep’t of Crim. Justice - Institutional Div., 176 S.W.3d 590, 593
(Tex. App.–Tyler 2005, pet. denied) (citing Hickson, 926 S.W.2d
at 398).  The abuse of discretion
standard is typically applied when a trial court has discretion either to grant
or deny relief based on its factual determinations.  In re Doe, 19 S.W.3d 249, 253
(Tex. 2000) (citing Bocquet v. Herring, 972 S.W.2d 19, 20-21
(Tex. 1998)).  In conducting an abuse of
discretion review, we examine the entire record.  Mercedes-Benz Credit Corp. v. Rhyne,
925 S.W.2d 664, 666 (Tex. 1996) (citing Simon v. York Crane & Rigging
Co., 739 S.W.2d 793, 795 (Tex. 1987)). 
A trial court abuses its discretion when its decision is arbitrary,
unreasonable, or without reference to any guiding rules or legal
principles.  K-Mart Corp. v.
Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000) (citing Bocquet,
972 S.W.2d at 21).      

            “The mere fact that a trial judge
may decide a matter within his discretionary authority in a different manner
than an appellate judge in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.”  Childs
v. Argenbright, 927 S.W.2d 647, 650 (Tex. App.–Tyler 1996, no writ)
(quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
242 (Tex. 1985)).  However, “a trial
court has no discretion in determining what the law is or applying the law to
the facts.”  Spitzer v. Berry,
No. 12-07-00276-CV, 2008 WL 482299, at * 1 (Tex. App.–Tyler Feb. 22, 2008, pet.
filed) (quoting In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003)
(orig. proceeding)).  Nonetheless, even
where a trial court gives an incorrect legal reason for its decision, the trial
court’s assignment of a wrong reason is not automatically reversible
error.  Sells v. Drott,
No. 12-07-00020-CV, 2007 WL 2045333, at *1 (Tex. App.–Tyler July 18, 2007,
pet. filed) (mem. op.) (citing Luxenberg v. Marshall, 835 S.W.2d
136, 141-42 (Tex. App.–Dallas 1992, no writ)). 
A trial court does not abuse its discretion if it reaches the right
result, even where that result is based upon an incorrect legal reason.  Id.  Therefore, when a trial court gives an
incorrect legal reason for its decision, we will nevertheless uphold that
decision on any proper grounds supported by the record.  Id.

            Section 14.003(a)(2) provides that a
trial court may dismiss a claim if the trial court finds that the claim is
frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2).  In determining whether a
claim is frivolous or malicious, a trial court may consider whether (1) the
claim’s realistic chance of ultimate success is slight, (2) the claim has no
arguable basis in law or fact, (3) it is clear that the inmate cannot prove
facts in support of the claim, or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same
operative facts.  Id. §
14.003(b).  Where a trial court has not
held a fact finding hearing, a trial court may dismiss properly filed inmate
pro se in forma pauperis claims only if they lack an arguable basis in law or
if it is uncontroverted that they are substantially similar to previous
frivolous or malicious claims.  Pena v. McDowell,
No. 12-05-00116-CV, 2007 WL 949614, at *5 (Tex. App.–Tyler Mar. 30,
2007, no pet.) (mem. op.) (citing Tex.
Civ. Prac. & Rem. Code Ann. § 14 .003(b)(4); Gill v. Boyd
Distrib. Ctr., 64 S.W.3d 601, 603 (Tex. App.–Texarkana 2001, pet.
denied)).

            To determine whether a trial court
has properly decided that there was no arguable basis in law for an inmate’s
claims, we examine the types of relief and causes of action alleged in the
inmate’s pleadings to determine whether, as a matter of law, the pleadings
state causes of action that would authorize relief.  Pena, 2007 WL 949614, at *5
(citing Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex. App.–Corpus
Christi 2002, no pet.)).  To have no
arguable basis in law, a claim must be based on an indisputably meritless legal
theory or the facts alleged must rise to the level of irrational or wholly
incredible.  Pena, 2007 WL
949614, at *5 (citing Gill, 64 S.W.3d at 603).  Stated another way, the pleaded facts must
not comprise a cause of action. Pena, 2007 WL 949614, at *5
(citing Gill, 64 S.W.3d at 604).  In considering the record before us, we
review and evaluate pleadings of inmates proceeding pro se in civil lawsuits
with liberality and patience.  Pena,
2007 WL 949614, at *5 (citing Foster v. Williams, 74 S.W.3d 200,
202 n.1 (Tex. App.–Texarkana 2002, pet. denied)).

Claims
Against TDCJ-ID

            Section 501.008 of the Texas
Government Code directs the Department of Criminal Justice to create a
grievance system for inmates.  Tex. Gov’t Code Ann. § 501.008 (Vernon
2004); see Brown v. Lubbock County Comm’rs Ct., 185 S.W.3d 499,
503-04 (Tex. App.–Amarillo 2005, no pet.). 
According to section 501.008,

 

A remedy provided by the grievance system is the
exclusive administrative remedy available to an inmate for a claim for relief against
the department that arises while the inmate is housed in a facility
operated by the department or under contract with the department, other than a
remedy provided by writ of habeas corpus challenging the validity of an action
occurring before the delivery of the inmate to the department or to a facility
operated under contract with the department.

 

 

Tex. Gov’t Code Ann. § 501.008(a)
(emphasis added).  The statute further
reads:

 

An inmate may not file a claim in state court
regarding operative facts for which the grievance system provides the
exclusive administrative remedy until:

 

(1) the inmate receives a written decision issued by
the highest authority provided for in the grievance system; or

 

(2) if the inmate has not received a written decision
described by Subdivision (1), the 180th day after the date the grievance is
filed.

 

 

Tex. Gov’t Code Ann. § 501.008(d)
(emphasis added).  Where an inmate cannot
show that he has met the requirements of the section 501.008, no arguable basis
in law exists to support a claim against the Texas Department of Criminal
Justice.  Id.; see also Brown,
185 S.W.3d at 504; Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex.
App.–Corpus Christi 2003, pet. denied) (op. on reh’g). 








            The record does not show that Archer
has exhausted his administrative remedies against TDCJ-ID.  Instead, the record shows that it was
determined through the grievance system that Archer had not timely filed a
grievance appeal.  This grievance appeal
constitutes the second part of the grievance system provided for by section
501.008.  See Crain, 97
S.W.3d at 868 (describing the grievance system).  A failure to timely file a grievance appeal,
combined with a rejection of that appeal for untimeliness, is not sufficient to
constitute an exhaustion of the administrative remedy system provided by  section 501.008.  See Nubine v. Herrera,
No. 13-01-00395-CV, 2004 WL 793310, at *2 (Tex. App.–Corpus Christi Apr. 15,
2004, pet. denied) (mem. op.) (holding that the administrative rejection of a
grievance based on an inmate’s failure to properly follow the grievance
procedures did not constitute the necessary “final decision from the highest
authority provided for in the grievance system nor informed the trial court of
any pending administrative proceedings”); see also Tex. Gov’t Code Ann. § 501.008(d)
(setting forth the necessary requirements constituting an exhaustion).  Therefore, Archer’s lawsuit against TDCJ-ID,
which contains claims solely regarding operative facts for which the grievance
system provides the exclusive administrative remedy, has no arguable basis in
law.[3]  As such, it was not an abuse of discretion
for the trial court to dismiss Archer’s claims against TDCJ-ID.  See
Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(b); Pena, 2007 WL 949614, at *5.

Claims
Against TDCJ-ID Employees

            Archer’s lawsuit also included
claims against TDCJ-ID employees Wilbanks, Teetz, and Fryar.  These claims were for negligent training and
supervision and Eighth Amendment violations resulting from that negligence.  Unlike Archer’s claims against TDCJ-ID, his
claims against the employees are not barred by his failure to exhaust
administrative remedies under section 501.008. See Tex. Gov’t Code Ann. § 491.001(a)(3)
(Vernon 2004) (“‘Department’ means the Texas Department of Criminal Justice,
except in Chapter 509.”); see also Tex.
Gov’t Code Ann. § 501.002 (Vernon 2004) (referring to the “department”
and an “employee” in a manner such that the two terms were not
interchangeable); Tex. Gov’t Code Ann. §
501.003 (Vernon 2004) (referring to the “department” and its “employees” in a
manner such that the two terms were not interchangeable).  But see Brown, 185 S.W.3d at
504 (“Appellant’s claims are not subject to the grievance system under Section
501.008 because they are not against the Department or its employees and did not
arise during his confinement.”); Nubine, 2004 WL 793310, at *2
(affirming the dismissal of an in forma pauperis inmate lawsuit against
apparent employees of TDCJ); Crain, 97 S.W.3d at 870 (also
affirming the dismissal of an in forma pauperis inmate lawsuit against
employees of TDCJ).

            Negligent training and supervision
are causes of action under the laws of Texas. 
See, e.g., Lang v. City of Nacogdoches, 942 S.W.2d 752,
762 (Tex. App.–Tyler 1997, writ denied). 
Archer’s negligence allegations against Wilbanks, Teetz, and Fryar
related to an injury caused by the operation of a motor driven vehicle.  Therefore, on their face, Archer’s negligence
allegations have some arguable basis in law and are not barred by sovereign
immunity.[4]
 See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).

            The Eighth Amendment prohibits “cruel
and unusual punishments.”  U.S. Const. amend. VIII.  The Eighth Amendment does not protect prison
inmates from mere negligence.  See Berry
v. Tex. Dep’t of Crim. Justice, 864 S.W.2d 578, 580 (Tex. App.–Tyler
1993, no writ); see also Scott v. Britton, 16 S.W.3d 173, 182
(Tex. App.–Houston [1st Dist.] 2000, no pet.). 
Therefore, while Archer has alleged a cause of action for negligence, he
has not alleged a cause of action under the Eighth Amendment.  As such, Archer’s Eighth Amendment claim has
no arguable basis in law.

Conclusion

            Archer’s claims against TDCJ-ID, and
his Eighth Amendment claim against Wilbanks, Teetz, and Fryar, have no arguable
basis in law.  We overrule Archer’s first
issue in regard to these claims.  Archer’s
negligence claims against Wilbanks, Teetz, and Fryar, as pleaded, have an
arguable basis in law.  Therefore, it was
an abuse of discretion to dismiss those claims. 
See Pena, 2007 WL 949614, at *5.  We sustain Archer’s first issue in regard to
his negligence claims against Wilbanks, Teetz, and Fryar.

 

Disposition

            We affirm the trial
court’s dismissal of Archer’s claims against TDCJ-ID, and his Eighth Amendment
claim against Wilbanks, Teetz, and Fryar. 
We reverse the trial court’s order dismissing Archer’s
negligence claims against Wilbanks, Teetz, and Fryar, and remand those
claims to the trial court for further proceedings consistent with this
opinion.  Archer has also included a
motion, in his brief, requesting this court to appoint “Counsel Ad Litem” for
him.  We overrule Archer’s motion.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion delivered April 16, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(PUBLISH)











[1] TDCJ-ID, Wilbanks, Teetz, and Fryar have not filed a brief.  We do not make arguments for parties, and so
we examine Archer’s argument for obvious defects and also consider the
reasoning set forth by the trial court.  Cf.
Strange v. Cont’l Cas. Co., 126 S.W.3d 676, 678 (Tex. App.–Dallas
2004, pet. denied) (appellant waives argument for failure to adequately brief
it.).  Ordinarily, we would also consider
the arguments made by the appellees before the trial court.  See, e.g., Black v. State, No.
12-05-00404-CR, 2006 WL 3020376, at *2 (Tex. App.–Tyler Oct. 25, 2006, no pet.)
(mem. op., not designated for publication). 
However, because they were never served at the trial court level, they
made no arguments there.  As such,
additional arguments may exist to support dismissal that have not been considered
in this opinion.





[2] The allegations set forth below have been gleaned from Archer’s
petition and Archer’s supplemental amendment to his petition. Our opinion
should not be construed as an evaluation of the veracity or merits of any
allegation that has been made in this lawsuit.





[3] Archer’s grievance claims against TDCJ-ID were for negligent training
and supervision and violations of the Eighth Amendment due to that
negligence.  In addition to being based
upon the same operative facts, the claims alleged against TDCJ-ID by Archer in
his lawsuit pleadings closely tracked Archer’s grievance claims. 





[4] Our holding does not mean that Archer will prevail on his claims or
that he can ultimately avoid dismissal or summary judgment.  Further, our holding does not mean that
Archer’s pleadings are not subject to special exceptions or that every part of
the claims of negligence or forms of damages pleaded by Archer are valid under
the law.  We merely hold that, at this
time, dismissal of these claims, as a whole, was improper.