

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00391-CV

THOMAS FLORENCE, APPELLANT

V.

K. ROLLINGS, ET AL., APPELLEES

On Appeal from the 30th District Court
Wichita County, Texas[1]
Trial Court No. 186,278-A, Robert P. Brotherton, Presiding

December 19, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Thomas Florence appeals the trial court's order dismissing his claims with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm the judgment as modified.

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Second Court of Appeals.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Background

Florence, a Texas prison inmate, filed suit alleging that appellee Rollings, a corrections officer, filed an unwarranted disciplinary case against him and illegally imposed another restriction for the same alleged infraction by refusing to allow Florence to eat breakfast. Florence claimed that appellee Franco, a warden, failed to properly investigate the matter by refusing to review a video recording of the incident. Florence sought declaratory and injunctive relief to obtain a new hearing with video evidence and to be moved back to a specific cell.

Appellees answered and moved to dismiss Florence's petition pursuant to Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (West 2017). They also moved to declare Florence vexatious. The trial court granted appellees' motion to dismiss under Chapter 14 on August 8, 2017.[2]

Analysis

In this appeal, Florence challenges the dismissal of his claims. In determining the nature of an inmate's claims dismissed under Chapter 14, courts must construe the pleadings liberally and to include all claims that may be reasonably inferred. *Burnett v. Sharp*, 328 S.W.3d 594, 598 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Thus, we have liberally construed Florence's petition as asserting section 1983 claims against appellees, who are TDCJ employees, in their individual capacities. *See* 42 U.S.C. § 1983;

---

[2] Florence was declared a vexatious litigant on September 1, 2017, in a separate lawsuit. That order was affirmed by this Court in *Florence v. Cox*, No. 07-17-00390-CV, 2018 Tex. App. LEXIS 9532, at *9 (Tex. App.—Amarillo Nov. 20, 2018, no pet. h.) (mem. op.). Additionally, appellees' brief recites that Florence was declared vexatious in *Florence v. Franco,* Cause No. 186,279-B, in the 78th District Court of Wichita County. To the extent that Florence challenges the entry of an order declaring him vexatious, we will not address those arguments here, as that matter is outside of this record and not part of this appeal.

*Vargas v. Tex. Dep't of Criminal Justice*, No. 03-12-00119-CV, 2012 Tex. App. LEXIS 9916, at *9 (Tex. App.—Austin Nov. 30, 2012, pet. denied) (mem. op.) (liberally construing inmate's petition as asserting section 1983 claims where inmate sought relief from TDCJ employees for alleged constitutional violations); *Thomas v. Bynum*, No. 04-02-00036-CV, 2003 Tex. App. LEXIS 1763, at *7-8 (Tex. App.—San Antonio Feb. 28, 2003, no pet.) (mem. op.) (noting that "Texas has no implied private right of action for damages for constitutional violations and no statute comparable to section 1983.").

Standard of Review

Chapter 14 allows a trial court to dismiss an inmate's claim as frivolous or malicious if it has no arguable basis in law or in fact. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2). The trial court may hold a hearing before dismissal. *Id.* § 14.003(c). When the trial court dismisses a claim without a fact hearing, our review focuses on whether the inmate's claim has an arguable basis in law. *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex. App.—Houston [1st Dist.] 1993, no writ) (op. on reh'g) ("When the trial court . . . dismisses a cause without a fact hearing, the trial court could not have determined the suit had no arguable basis in fact."). We review the issue de novo, and take as true the petition's allegations to determine whether, as a matter of law, it states a cause of action that would authorize relief. *Scott v. Gallagher*, 209 S.W.3d 262, 266-67 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Due Process Claims

We find that the trial court properly dismissed Florence's due process claims as frivolous because he failed to plead a cognizable claim under section 1983. Section 1983

provides a private cause of action against persons acting under color of state law who violate rights secured by the United States Constitution or federal law. *See* 42 U.S.C. § 1983; *Haver v. Coats*, 491 S.W.3d 877, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A section 1983 claim involves two essential elements: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Berry v. Tex. Dep't of Criminal Justice*, 864 S.W.2d 578, 580 (Tex. App.—Tyler 1993, no writ).

Florence failed to allege that he was deprived of a protected right in his petition. He asserts that, on one occasion, he was denied breakfast and a change of clothing as punishment for being out of place while on restriction. This claim does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) (only deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of a constitutional violation); *McClure v. Foster*, 465 F. App'x. 373, 374 (5th Cir. 2012) (inmate's claim of deprivation of two breakfasts does not amount to a violation of constitutional rights); *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (per curiam) (allegations of denial of entry into dining hall on eight occasions and denial of substitute sack meal did not rise to level of constitutional violation).

Florence then alleges that he was improperly re-punished for the same infraction in a disciplinary proceeding. However, Florence does not identify any punishment he received as a result of such a proceeding. As we explained in *Florence v. Cox*, "[n]ot all penalties imposed on inmates implicate due process rights." 2018 Tex. App. LEXIS 9532,

4

at *5.  Because Florence's petition fails to state the facts forming the basis for his allegation, it does not provide a basis for the court to authorize relief.

As to Florence's accusation that TDCJ officials failed to follow their own regulations, including the alleged obligation to review video evidence, Florence has cited no authority creating a property right in having TDCJ employees follow TDCJ disciplinary rules and procedures.  *See Duckett v. Tex. Dep't of Criminal Justice Corr. Insts. Div.*, No. 12-17-00207-CV, 2018 Tex. App. LEXIS 2905, at *8-9 (Tex. App.—Tyler Apr. 25, 2018, no pet.) (mem. op.) (holding that information contained in TDCJ policy manuals is not tangible personal property).

Finally, Florence also asserts that appellees made misstatements and misrepresentations in the disciplinary process.  This allegation is conclusory and fails to state a claim.  *See Nickerson v. T.D.C.J.-I.D.*, No. 09-06-00197-CV, 2007 Tex. App. LEXIS 8862, at *6-7 (Tex. App.—Beaumont Nov. 8, 2007, no pet.) (mem. op.) (complaint about the improper use of officer testimony and reports has no arguable basis in law).

We conclude that, because Florence did not allege that he was deprived of a right secured by the Constitution or laws of the United States, he has not stated any due process claims under section 1983 as a matter of law.  *See Hamilton v. Williams*, 298 S.W.3d 334, 341 (Tex. App.—Fort Worth 2009, pet. denied) (inmate's due process claims had no arguable basis in law because the alleged restrictions did not implicate due process concerns).

Dismissal with Prejudice

Dismissal under Chapter 14 is not an adjudication on the merits and is generally without prejudice. *See Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 273-74 (Tex. App.—Texarkana 2003, no pet.). We therefore modify the judgment to reflect a dismissal without prejudice. *See Florence*, 2018 Tex. App. LEXIS 9532, at *7-9.

## Conclusion

We modify the order of the trial court to provide that Florence's claims are dismissed without prejudice. As reformed, the judgment is affirmed.


Judy C. Parker
Justice