In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00107-CV


______________________________




ANTHONY E. GILL, Appellant



V.



BOYD DISTRIBUTION CENTER, ET AL., Appellees




 


On Appeal from the 23rd Judicial District Court


Brazoria County, Texas


Trial Court No. 15846*I 01




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Anthony E. Gill, an inmate in the custody of the State of Texas, appeals the order of the trial
court dismissing his pro se petition against Boyd Distribution Center and Ross Products Division,
Abbott Laboratories. Gill's petition was filed May 17, 2001, and was dismissed by the trial court on
May 21, 2001, before service of process on the named defendants and without a fact-finding hearing. 
 Although Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)-(3) (Vernon Supp. 2002)
provides multiple grounds for dismissal, where there has been no fact-finding hearing, the court may
only dismiss the inmate's claim if it lacked an arguable basis in law. Johnson v. Franco, 893 S.W.2d
302, 303 (Tex. App.-Houston [1st Dist.] 1995, writ dism'd w.o.j.). Because this is a question of law,
the standard of review is de novo, as opposed to abuse of discretion. See In re Humphreys, 880
S.W.2d 402 (Tex. 1993).

 To have no arguable basis in law, a claim must be based on "an indisputably meritless legal
theory," Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), or the facts
alleged must rise to the level of the irrational or wholly incredible, Denton v. Hernandez, 504 U.S.
25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). "An in forma pauperis complaint may not be
dismissed, however, simply because the court finds the plaintiff's allegations unlikely." Denton, 504
U.S. at 33. Therefore, for the claim to have no basis in law, the facts as pleaded must not comprise
a cause of action.

 The elements of a Deceptive Trade Practices Act (DTPA) claim are (1) the plaintiff is a
consumer, a person who seeks or acquires goods or services by purchase or lease, (2) the defendant
engaged in false, misleading, or deceptive acts, and (3) the act constituted a producing cause of the
consumer's damages. Tex. Bus. & Com. Code Ann. §§ 17.45(4), 17.50(a) (Vernon Supp. 2002);
Larsen v. Carlene Langford & Assocs., Inc., 41 S.W.3d 245, 250 (Tex. App.-Waco 2001, pet.
denied). While there is no requirement of privity, the defendant's wrongful conduct must be
committed in connection with the consumer's transaction, must constitute a producing cause of
economic damages or damages for mental anguish, and must fall under Section 17.50 of the DTPA.
See Tex. Bus. & Com. Code Ann. § 17.50 (Vernon Supp. 2002). Where a plaintiff relies on Section
17.50(a)(1), the plaintiff must also prove that the consumer relied on the defendant's wrongful
conduct to the consumer's detriment. Id. Gill's claims based on general misrepresentations in
subsections 17.46(b)(5) and (7) must allege that the defendant made a representation of fact
regarding the goods or services that is inaccurate or false. General or indefinite statements may
support recovery under the DTPA. See Humble Nat'l Bank v. DCV, Inc., 933 S.W.2d 224, 230 (Tex.
App.-Houston [14th Dist.] 1996, writ denied). 

 Gill's claim based on failure to disclose under Section 17.46(b)(24) must allege that (1) the
defendant knew information regarding the goods or services; (2) the information was not disclosed;
(3) there was an intent to induce the consumer to enter into the transaction through the failure to
disclose; and (4) the consumer would not have entered into the transaction on the same terms had
the information been disclosed. See Tex. Bus. & Com. Code Ann. § 17.46(b)(24) (Vernon Supp.
2002). A seller could not be held liable for failing to disclose information about which the buyer has
actual notice, as such information could not be a producing cause of damages. See Frizzell v. Cook,
790 S.W.2d 41, 45 (Tex. App.-San Antonio 1990, writ denied). 

 If the trier of fact finds that the defendant committed the wrongful act knowing that the act
was false, deceptive, misleading, or unfair, the consumer may recover damages for mental anguish
in addition to economic damages. See Tex. Bus. & Com. Code Ann. § 17.50(b)(1). There is no
requirement that the consumer be awarded economic damages or that there be accompanying
physical injury for the consumer to recover for mental anguish, see Latham v. Castillo, 972 S.W.2d
66 (Tex. 1998), but the consumer will only be compensated for mental anguish rising above mere
disappointment, anger, resentment, or embarrassment to cause a substantial disruption in daily
routine or a high degree of mental pain and distress. See Parkway Co. v. Woodruff, 901 S.W.2d 434,
444 (Tex. 1995). 

 Gill also pleads a cause of action against both Abbott and Boyd for constructive fraud. To
recover on an action for fraud, the party must prove that: (1) a material representation was made;
(2) it was false; (3) when the speaker made the representation, he knew it was false or made it
recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made it
with the intention that it should be acted on by the party; (5) the party acted in reliance on it; and (6)
the party thereby suffered injury. Larsen, 41 S.W.3d at 249. 

 Gill's petition contained the following allegations. Between February 10, 2000 and
March 10, 2000, Gill purchased five cans of Ensure from Boyd at the Retrieve unit commissary. The
Ensure purchased was manufactured by Abbott and introduced or delivered for introduction into
commerce by Boyd. After purchasing two cans on March 10, 2000, Gill discovered that the Ensure
he purchased was advertised by its label as "Not For Retail Sale for Professional Use Only," and was
nutritionally inferior to other types of Ensure purchased at the same price that were not advertised
as such. The Ensure being listed in the unit commissary list gave reasonable indication that it was
manufactured for purposes of retail sale, therefore giving Gill the inducement to make the purchase.
The misbranding and/or misrepresentation of the Ensure caused Gill mental anguish, humiliation,
and embarrassment. Gill complained of these facts to Boyd by mail on May 12, 2000. 

 Gill claimed damages as to Abbott for having knowingly and willfully introduced or
delivered the misbranded or misrepresented Ensure into commerce with full knowledge of their
falsity. He claimed such conduct was a producing cause of actual damages and requested exemplary
damages. Gill claimed damages as to Boyd for having knowingly and intentionally induced Gill's
reliance on the falsity, deception, or unfairness of their actions. He claimed such conduct was a
producing cause of actual damages and of mental anguish, and asked for additional and exemplary
damages. 

 Regarding his claims based on general misrepresentations, Gill must plead that the
defendants made a representation of fact regarding the goods that was inaccurate or false. Based on
the entirety of his pleadings, the only wrongful conduct Gill alleged by Abbott was the introduction
or delivery of products not manufactured for resale, but for professional use only, into commerce,
which does not amount to a statement of fact. Therefore, Gill failed to allege the necessary elements
to state a claim against Abbott under both the DTPA and constructive fraud, and the court did not
err in dismissing his claims as to Abbott. 

 Gill's allegations regarding Boyd satisfied the elements of both his DTPA and constructive
fraud claims. He alleged that Boyd's false or misleading statement of fact was the listing of Ensure
on the unit commissary list, which gave him a reasonable indication that it was the type and quality
of Ensure manufactured for the purpose of retail sale. Whether the product in the containers varied
from retail to nonretail or whether it was only the label that was modified or abbreviated was a
question of fact, which may not be assumed or determined on this review. 

 Gill alleged that Boyd knew that the containers were marked not for retail and that the quality
of the product was different than that produced for retail at the time of the transaction, that Boyd did
not disclose this information, that Boyd intended by this nondisclosure to induce Gill into the
transaction, which Gill would not have entered into had the information been disclosed. Because
a seller has no obligation to disclose information about which the consumer has actual notice, a
material fact question, about which Gill's petition was silent, was whether Gill saw the containers
before purchase. 

 Gill also alleged that he had suffered mental anguish, humiliation, and embarrassment. 
While Gill did not allege that this mental anguish caused substantial disruption in his daily routine
or a high degree of mental pain and distress, the general pleading of mental anguish was enough to
put the defendant on notice, and the extent of the anguish was a question of fact. 

 While inquisition into the factual basis of the claim may reveal that Gill's claims regarding
Boyd are frivolous, based on the pleadings alone, it cannot be said that Gill's claims under the DTPA
or constructive fraud are indisputably meritless, irrational, or wholly incredible. The trial court could
not dismiss the claims before holding a fact-finding hearing simply because the court found the
plaintiff's allegations unlikely. The court erred in dismissing Gill's suit regarding Boyd before
holding a fact-finding hearing, as the pleadings were sufficient to state a cause of action on which
relief could be granted.


 We affirm the dismissal as to Gill's claims against Abbott, reverse the dismissal as to Gill's
claims against Boyd, and remand for further proceedings consistent with this opinion.




 Ben Z. Grant

 Justice


Date Submitted: July 31, 2001

Date Decided: December 19, 2001


Publish