NO. 12-04-00050-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ROBERT KING CONWAY, JR.,                       §                APPEAL FROM THE 369TH
APPELLANT
 
V.                                                                         §                JUDICIAL DISTRICT COURT OF

“LEHNERTZ,”
APPELLEE                                                         §                ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Robert King Conway, Jr. appeals from the dismissal of his in forma pauperis, pro se inmate
suit against Appellee Lehnertz, an employee of the Texas Department of Criminal Justice,
Institutional Division (TDCJ-ID).


 In two issues, Conway asserts the trial court erred in dismissing
his suit. We affirm.
 
Background
            Conway is an inmate at the Mark W. Michael Unit in Tennessee Colony, Texas. One day,
Conway threatened to file a grievance against Officer Lehnertz because Lehnertz refused to allow
Conway to go to the law library. In response, Lehnertz threatened Conway with disciplinary action. 
Conway filed a grievance complaining that he had not been allowed to go to the law library and that
Lehnertz had threatened him with retaliation for filing the grievance. Unhappy with the response he
received regarding his grievance, Conway filed a lawsuit against Lehnertz, in his official and
unofficial capacities, alleging that Lehnertz breached the common law duty owed to Conway in
violation of his rights as guaranteed by article one, section nineteen of the Texas Constitution and
TDCJ-ID policy, administrative directives, and rules. Contending that Lehnertz violated “his right
to not be threatened with the threat of retaliation by a disciplinary case or harassment,” Conway
requested unspecified declaratory, compensatory, nominal, and punitive damages. Without a hearing,
the trial court found the claims to be frivolous or malicious. Pursuant to Chapter 14 of the Texas
Civil Practice and Remedies Code, the trial court dismissed the case with prejudice.
 
Chapter 14 Dismissal
            In his first issue, Conway asserts the trial court abused its discretion by dismissing his case
as frivolous or malicious because his case has merit. He argues that there is an arguable basis in law
for his suit, which is based on a breach of a duty of care that resulted in a violation of his
constitutional rights.
            Chapter Fourteen of the Civil Practice and Remedies Code applies to inmate litigation. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). A court may dismiss a suit
brought pursuant to that chapter before or after process is served if the court finds that the claim is
frivolous or malicious. Id. at § 14.003(a)(2). In determining whether a claim is frivolous or
malicious, the statute provides that the court may consider whether (1) the claim’s realistic chance
of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that
the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same operative facts.


 Id. at
§ 14.003(b). However, the supreme court has indicated that the only factor to be considered is
whether there is an arguable basis in law or fact. See Johnson v. Lynaugh, 796 S.W.2d 705, 706
(Tex. 1990). When, as here, the trial court dismisses without a fact hearing, it could not have
determined the suit had no arguable basis in fact. Harrison v. Texas Dep’t of Criminal Justice-Inst’l
Div., 915 S.W.2d 882, 887 (Tex. App.–Houston [1st Dist.] 1995, no writ). Therefore, we must
consider whether the trial court properly determined there is no arguable basis in law for the suit. Id. 
            Review of a dismissal under Chapter Fourteen is generally controlled by the abuse of
discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). 
However, the issue as to whether there was an arguable basis in law is a legal question that we review
de novo. In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1993). We are to review and evaluate pro
se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. 
Denson v. Tex. Dep’t of Criminal Justice-Inst’l Div., 63 S.W.3d 454, 459 (Tex. App.–Tyler 1999,
pet. denied). To determine whether the trial court properly decided there was no arguable basis in
law for the plaintiff’s suit, we examine the types of relief and causes of action pleaded to determine
whether, as a matter of law, the petition stated a cause of action that would authorize relief. Jackson
v. Tex. Dep’t of Criminal Justice - Inst’l Div., 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000,
pet. denied). To have no arguable basis in law, a claim must be based on an indisputably meritless
legal theory or the facts alleged must rise to the level of the irrational or wholly incredible. Neitzke
v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Gill v. Boyd
Distrib. Ctr, 64 S.W.3d 601, 603 (Tex. App.–Texarkana 2001, pet. denied) (op. on reh’g).
            Conway argues that Lehnertz breached a legal duty by violating TDCJ-ID policy,
administrative directives, and rules. All referenced policies, directives, and rules pertain to inmates’
right to be free from reprisal for the good faith participation in the grievance process. Conway
maintains that this is “a simple Negligence Per Se suit” and is actionable under the common law. We
disagree. 
            It is an offense under the penal code if an employee of a correctional facility intentionally
denies or impedes a person in custody in the exercise of any right, privilege, or immunity knowing
his conduct is unlawful. Tex. Pen. Code Ann. § 39.04(a)(1) (Vernon 2003). Conway’s complaint,
in essence, is that Lehnertz violated Section 39.04 when he impeded Conway’s exercise of his right
to participate in the grievance process by threatening to discipline Conway for filing a grievance. The
penal code does not create private causes of action and a victim does not have standing to participate
as a party in a criminal proceeding. Tex. Const. art. I, § 30(e); Tex. Code Crim. Proc. Ann. art.
56.02(d) (Vernon Supp. 2004-2005). Texas law does not provide a common law cause of action for
statutory violations when there is an express and comprehensive statutory cause of action for such
violation. Johnson v. Sawyer, 47 F.3d 716, 729 (5th Cir. 1995). Further, our state does not
recognize a common law cause of action for damages to enforce constitutional rights. City of
Beaumont v. Bouillion, 896 S.W.2d 143, 150 (Tex. 1995). As Conway has not pleaded a recognized
cause of action for breach of a common law duty, it follows that he has not stated a claim for a
violation of his constitutional rights. We conclude that Conway’s assertions are not sufficient to raise
a possible claim that has an arguable basis in law. The trial court did not err in dismissing Conway’s
suit as frivolous. We overrule Conway’s first issue.
 
Dismissal With Prejudice
            In his second issue, Conway contends the trial court erred in dismissing his suit with
prejudice. Dismissal with prejudice constitutes an adjudication on the merits and operates as if the
case had been fully tried and decided. Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). 
Generally, the proper remedy, when a court lacks subject matter jurisdiction, is to dismiss the case
without prejudice. Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 274 (Tex. App.–Texarkana
2003, no pet.). However, when the error cannot be remedied, dismissal with prejudice is proper. See
Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.). Here,
Conway’s claim cannot be amended to remedy the error. Therefore, dismissal of his claim with
prejudice was proper. Id. We overrule Conway’s second issue.
 
Conclusion
            The trial court did not err in dismissing Conway’s suit before holding a fact-finding hearing,
as the pleadings were insufficient to state a possible cause of action on which relief could be granted. 
Further, because the pleadings could not be amended to remedy the error, the trial court did not err
in dismissing the suit with prejudice.
            We affirm the trial court’s order of dismissal.
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
Opinion delivered February 28, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(PUBLISH)