NO.
12-06-00284-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOSE B. DE LA CERDA,    §                      APPEAL FROM THE 87TH

APPELLANT

 

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

BOYD DISTRIBUTION
CENTER

AND CLEAR TECH,

APPELLEES §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                            

MEMORANDUM OPINION

            Jose B. De
La Cerda, an inmate proceeding pro se, filed an in forma pauperis suit against
Boyd Distribution Center and Clear Tech. 
De La Cerda appeals the trial court’s order dismissing his suit as
frivolous and malicious pursuant to section 14.003 of the Texas Civil Practice
and Remedies Code.  In two issues, De La
Cerda claims that the trial court erroneously dismissed his suit and that
section 14.003, as construed by the trial court, violates the “open courts”
provision of the Texas Constitution.  We
reverse and remand.

 

Background

            De
La Cerda is an inmate of the Texas Department of Criminal Justice Beto Unit at
Tennessee Colony, Texas.  De La Cerda
claims that he purchased a typewriter from Boyd Distribution Center on February
25, 2005.  Boyd is the alleged operator
of the Beto Unit Commissary.  The
typewriter was allegedly manufactured by Clear Tech.  De La Cerda alleges that the typewriter
ceased to function properly sixty-one days after its purchase.  De La Cerda sought the product’s repair
through an alleged manufacturer’s warranty, but his efforts were
unsuccessful.  

            On
October 25, 2005, De La Cerda filed a lawsuit against Boyd and Olympia Lear
Tech[1]
in the 87th District Court of Anderson County, Texas.  On December 6, 2006, the trial court sua
sponte dismissed his suit without prejudice finding that the amount of his
alleged damages was below the minimum jurisdictional limits of that court.  De La Cerda appealed the trial court’s
ruling.  We dismissed his appeal for
failure to comply with the Texas Rules of Appellate Procedure. De La
Cerda v. Boyd Distrib. Ctr., No. 12-05-00403-CV, 2006 WL 133248, at *1
(Tex. App.–Tyler Jan. 18, 2006, no pet.) (mem. op.) (per curiam).   

            On
June 2, 2006, De La Cerda again filed suit in the 87th District Court.  This time, De La Cerda claimed additional
damages, pleaded a new cause of action for fraudulent misrepresentation, and
named Clear Tech as the defendant manufacturer instead of Olympia.  On July 11, 2006, without conducting a
hearing, the trial court sua sponte dismissed De La Cerda’s suit with prejudice
pursuant to section 14.003.  The trial
court found that this suit involved the same parties and issues as the previous
suit and thus constituted a frivolous and malicious claim under section
14.003.  This appeal followed.

 

Dismissal of
De La Cerda’s Claims

            In
his first issue, De La Cerda contends that the trial court erred by dismissing
his suit.  Neither Boyd nor Clear Tech
filed a brief.

Standard of Review

            We
review the dismissal of an inmate’s action as frivolous or malicious under an
abuse of discretion standard. Elias v. DeLeon, No.
12-04-00143-CV, 2005 WL 2404113, at *1 (Tex. App.–Tyler Sept. 30, 2005, no
pet.) (mem. op.).  To establish that the
trial court abused its discretion, the complaining party must show that the
trial court acted without reference to any guiding rules or principles.  Id. 
We will affirm such a dismissal if it was proper under any legal
theory.  Id.  In considering the record before us,
we review and evaluate pleadings of inmates proceeding pro se in civil suits
with liberality and patience.  Id.

Analysis

            Inmate
suits such as De La Cerda’s are controlled by Chapter 14 of the Texas Civil
Practice and Remedies Code.  Section
14.003(a)(2) provides that a trial court may dismiss a claim if the trial court
finds that the claim is frivolous or malicious. 
Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a)(2) (Vernon 2002). 
In determining whether a claim is frivolous or malicious, a trial court
may consider whether (1) the claim’s realistic chance of ultimate success is
slight, (2) the claim has no arguable basis in law or fact, (3) it is clear
that the party cannot prove facts in support of the claim, or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  Id.
§ 14.003(b).  

            The
trial court found De La Cerda’s suit to be frivolous and malicious because it
involved the same parties and issues as his previous suit.  In making this finding, the trial court
incorrectly  interpreted the fourth
consideration set forth in section 14.003(b).  See id. § 14.003(b)(4).  The test is not whether the parties and the
issues involved are the same as those in a previous claim but, instead, whether
the claim arises from the same operative facts as a previous claim.  See id.  Therefore, the trial court’s finding that the
same parties and issues were involved does not support a finding that De La
Cerda’s case was frivolous and malicious under section 14.0003(b).  See id. 

            Moreover,
dismissal based upon the suit being substantially similar to a previous claim
would have been improper.  Generally,
when a plaintiff fails to plead damages within the jurisdictional limits of a
trial court, the proper remedy is to dismiss the case without prejudice.  See Mullins v. Estelle High Sec.
Unit, 111 S.W.3d 268, 274 (Tex. App.–Texarkana 2003, no pet.).  Because a dismissal for lack of jurisdiction
is usually not a decision on the merits, it generally cannot be done with
prejudice and thus cannot usually bar a plaintiff from attempting to overcome
the barriers that deprived the trial court of jurisdiction.  See Bell v. State Dep’t of Highways &
Pub. Transp., 945 S.W.2d 292, 295 (Tex. App.–Houston [1st Dist.] 1997,
writ denied).  On the other hand, a
dismissal with prejudice constitutes an adjudication on the merits and operates
as if a case has been fully tried and decided. 
Mullins, 111 S.W.3d at 273.  A dismissal with prejudice will have res
judicata and collateral estoppel effects. 
Id. at 273-74.  

            The
first suit was dismissed without prejudice for want of jurisdiction.  In the second suit, De La Cerda corrected the
jurisdictional error.[2] 
De La Cerda was thus entitled to have his second suit tested on the
merits, and the trial court could not properly rely upon the dismissal of the
first suit to determine whether De La Cerda’s subsequent case was frivolous or
malicious.  See Bell, 945
S.W.2d at 295.  Therefore, the trial
court could not have dismissed the new suit under the substantially similar
claims provision of section 14.003(b).  See
Mullins, 111 S.W.3d at 273-74; Thomas v. Skinner, 54
S.W.3d 845, 846-47 (Tex. App.–Corpus Christi 2001, pet. denied).

            Having
determined that the trial court was not entitled to make a finding of
substantial similarity or dismiss De La Cerda’s suit on that ground, we must
now determine if the dismissal was proper under any other legal theory.  See Elias, 2005 WL 2404113, at
*2.  Because there was no  fact finding hearing, the trial court
was entitled to dismiss De La Cerda’s suit only if the suit lacked an arguable
basis in law.  See Gill v. Boyd
Distrib. Ctr., 64 S.W.3d 601, 603 (Tex. App.–Texarkana 2001, pet.
denied). 

            To
determine if the trial court could have properly decided that De La Cerda’s
suit had no arguable basis in law, we review the types of relief and causes of
action he pleaded to determine if, as a matter of law, the petition states a
cause of action that would authorize relief. 
See Elias, 2005 WL 2404113, at *2.  To have no arguable basis in law, a claim
must be based on an indisputably meritless legal theory or the facts alleged
must rise to the level of irrational or wholly incredible.  Gill, 64 S.W.3d at 603.  Stated another way, the pleaded facts must
not comprise a cause of action.  Id. at 604.  An in forma pauperis pro se inmate
suit may not be dismissed simply because the trial court finds the plaintiff’s
allegations to be unlikely.  Id.
at 603-04.

            De
La Cerda alleges causes of action under the Texas Deceptive Trade Practices Act
(DTPA) for breach of express and implied warranty and fraudulent
misrepresentation.  De La Cerda alleges
that Boyd and Clear Tech breached an express one year warranty when they
ignored his requests that they repair the typewriter despite adequate notice of
its broken condition.  He alleges that
Boyd and Clear Tech violated their implied warranty of merchantability as well
when they ignored these requests for repair. 
He alleges that Boyd and Clear Tech made knowingly fraudulent
misrepresentations to him as to the brand and quality of the typewriter, which
he (a consumer) relied upon to his detriment. 
Lastly, he alleges additional damages that meet the minimum
jurisdictional limits of the trial court. 
See Chapa, 999 S.W.2d at 836.  

            Applying
the liberal standard to pleadings filed pro se by inmates, and considering the
facts set out in De La Cerda’s petition, we conclude that he has stated three
causes of action against Boyd and Clear Tech which, if proved, would authorize
relief.  See Tex. Bus. & Com. Code Ann. § 17.50
(Vernon Supp. 2006).  Therefore, De La
Cerda’s claim has an arguable basis in law.  See Elias, 2005 WL
2404113, at *2.  While inquiry into the
factual bases of the claims may reveal that De La Cerda’s suit is frivolous,
based on the pleadings alone, it cannot be said that De La Cerda’s DTPA claims
are indisputably meritless, irrational, or wholly incredible.  See Gill, 64 S.W.3d at
606.  Accordingly, we hold that the trial
court abused its discretion by dismissing De La Cerda’s suit as frivolous and
malicious.  See id.  De La Cerda’s first issue is sustained.

 

Disposition

            Having
sustained De La Cerda’s first issue, we need not consider his second
issue.  See Tex. R. App. P. 47.1.  We reverse and remand this
cause for further proceedings consistent with this opinion.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered January 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(PUBLISH)











[1] At the time, De La Cerda believed the
typewriter had been manufactured by Olympia Lear Tech.  He later determined that the manufacturer was
actually Clear Tech.





[2] De La Cerda has pleaded additional damages
that are within the jurisdictional limits of the trial court.  See Chapa v. Spivey, 999 S.W.2d
833, 836 (Tex. App.–Tyler 1999, no pet.) (per curiam).