NO. 07-07-0331-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2008

_____

MICHAEL SCOTT, TDCJ NO. 683064, APPELLANT

v.

RICHARD PHILLIPS, ET AL., APPELLEES
_____

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NO. 93,764-C; HON. ANA ESTEVEZ, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Scott, appeals from an order dismissing his *pro se, in forma pauperis* suit under Chapter 14 of the Texas Civil Practice and Remedies Code.  We affirm.

Scott is an inmate at the Tennessee Colony Unit of the Texas Department of Criminal Justice, Institutional Division (hereinafter, "TDCJ-ID").  On July 18, 2004, Scott filed a civil suit in Wichita County, Texas, against Captain Richard Phillips, April Vasquez,

and Lawrence Pattison alleging that they had ordered an unnamed correctional officer to use a chemical agent against another inmate in an adjoining cell for the purpose of causing injury to Scott. Appellees answered the petition claiming the affirmative defense of a correctional officer's privilege to use force under section 9.53 of the Texas Penal Code. See TEX. PENAL CODE ANN. § 9.53 (Vernon 2005). On January 7, 2005, Scott filed an amended petition adding Warden William Walker and Assistant Warden Joe Nunn as defendants and adding an allegation that the actions of appellees in ordering the correctional officer to use a chemical agent against the adjoining inmate was done with malice toward Scott. Because the events giving rise to the lawsuit occurred at the Bill Clements Unit of the TDCJ-ID located in Potter County, Texas, the case was transferred to Potter County on September 20, 2005. Appellees filed a motion to dismiss the suit as frivolous on April 12, 2007. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).[1] Scott did not file any responsive pleadings to the motion to dismiss and, on May 1, 2007, the trial court granted the motion without conducting any hearing.[2] Scott subsequently filed a motion for new trial that was overruled by operation of law. See TEX. R. CIV. P. 329b(e). This appeal followed.

Scott appeals, by one issue, contending that the trial court abused its discretion in finding Scott's petition was frivolous. We affirm.

---

[1] All references to "Chapter 14" will refer to Chapter 14 of the Texas Civil Practice and Remedies Code. Specific sections of Chapter 14 will be referenced by "§ ___."

[2] The appellees also filed a motion to declare Scott a vexatious litigant, which the trial court also granted. However, Scott has not appealed this finding.

## Standard of Review

Inmate litigation, except for suits brought under the Family Code, in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set forth in Chapter 14. The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. § 14.003(a)(2). When determining whether a claim is frivolous or malicious, the court may consider that the claim has no arguable basis in law or in fact. See § 14.003(b)(2). When reviewing a trial court's dismissal of an inmate's claim we apply the abuse of discretion standard. See Bohannan v. Tex. Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex.App.–Austin 1997, writ denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when the act is arbitrary and unreasonable. Id. If the trial court dismisses a claim without a hearing, as in the situation before us, the question becomes whether the claim has no arguable basis in the law. See Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex.App.–Houston [1st Dist.] 2002, no pet.). Thus, we review *de novo* the question of whether the trial court properly concluded that Scott had no arguable basis in law for maintaining his suit. Id.

## Discussion

Scott's lawsuit alleges that the appellees ordering of an unnamed correctional officer to use a chemical agent on an adjoining inmate was done with a malicious intent to harm Scott. As such, Scott is attempting to allege the common law cause of action for assault and battery. See Birdo v. Debose, 819 S.W.2d 212 (Tex.App.–Waco 1991, no writ).

3

Additionally, a close reading of Scott's petition appears to allege that the actions of the correctional officials amounted to a violation of his civil rights under the Texas Constitution.

The first inquiry we will make is whether there is any cognizable cause of action under the Texas Constitution for a violation of Scott's civil rights. Scott has not provided this Court with any authority nor any argument supporting his claim for relief. Appellees, however, have correctly pointed out that there is no recognized claim for violation of civil rights under the Texas Constitution. See City of Beaumont v. Bouillion, 896 S.W.2d 143, 150 (Tex. 1996). Therefore, to the extent that Scott is attempting to allege a private cause of action for violation of his rights under the Texas Constitution, we affirm the trial court's determination that the claim has no arguable basis in the law.

Our next inquiry is directed to Scott's allegations, contained in his amended petition, that an unnamed officer was ordered to use a chemical spray against another inmate with a malicious intent to harm Scott. To determine whether a trial court has properly decided that there was no arguable basis in law for an inmate's claims, we examine the types of relief and causes of action pleaded in the inmate's petition to determine whether, as a matter of law, the petition states a cause of action that would authorize relief. See Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex.App.–Texarkana 2002, no pet.). To have no arguable basis in law, a claim must be based on an indisputably meritless legal theory or the facts alleged must rise to the level of irrational or wholly incredible. Gill v. Boyd Distrib. Ctr., 64 S.W.3d 601, 603 (Tex.App.–Texarkana 2001, pet. denied.). Stated another way, the pleaded facts must not comprise a cause of action. Id. at 604. In the present case, Scott did not plead any facts to support his alleged cause of action. Scott's

4

bare allegation that the appellees maliciously ordered a correctional officer to assault him, without any allegation of facts that would allow the trial court to ascertain the basis for Scott's cause of action, is insufficient to state a cause of action that would authorize relief. Accordingly, we cannot say that the trial court's decision to dismiss Scott's petition as frivolous was an abuse of discretion, therefore, we overrule Scott's issue.

## Conclusion

Having overruled Scott's contentions, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice