

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00035-CV
_____


CURTIS R. FRANCIS, Appellant

V.

TDCJ-CID, ET AL., Appellees


On Appeal from the 87th Judicial District Court
Anderson County, Texas
Trial Court No. 87-10655


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

While inmate Curtis R. Francis was using the prison law library at the Tennessee Colony's Michael Unit, he alleges he developed a sudden need to use the restroom and walked to the restroom located in the lobby of the building housing the library.  According to his allegations, Francis was told to get out, not to use that restroom, and to go to his own building to use the restroom.  Before he was able to make it back to his building, he lost control of his bowels.

Francis, acting pro se, sued in Anderson County,[1] naming as defendants the Texas Department of Criminal Justice—Correctional Institutions Division (the Department), "Warden Baker" (Assistant Warden at the Michael Unit), and Linda Cleaveland Johnson (a correctional officer at the Michael Unit), claiming common-law negligence in a personal injury lawsuit.  Francis alleged that he has faced much ridicule because of this event and that Johnson's behavior exhibited a disregard of his rights to be free from cruel and unusual punishment.  Francis sought compensatory damages for pain, suffering, and humiliation (mental anguish).

The trial court dismissed Francis' suit.  In the order of dismissal, the trial court found "the claim to be frivolous or malicious" and that Francis "failed to provide an affidavit or unsworn

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program.  We are not aware of any conflict between the precedent of the Tyler Court of Appeals and the precedent of this Court on any issue relevant in this appeal.  *See* TEX. R. APP. P. 41.3.

declaration related to previous filings which complied with Section 14.004."[2] The trial court's docket states only that Francis had provided no affidavit of previous filings.

On appeal, Francis contends that the dismissal was improper and that he should have been provided an opportunity to amend his petition.[3] Francis also complains because the order requires him to pay out of his trust account a portion of the fees and costs involved in the lawsuit.[4]

We affirm the dismissal because, although (1) Francis' affidavit did not warrant dismissal, (2) the trial court did not abuse its discretion in finding that Francis' claim has no arguable basis in law or in fact.

*(1)     Francis' Affidavit Did Not Warrant Dismissal*

We first address the adequacy of Francis' affidavit concerning previous filings. Despite the statement in the court's docket that none was filed, such an affidavit was attached to his petition and is part of the appellate record.

In relevant part, Section 14.004 of the Texas Civil Practice and Remedies Code requires that an inmate plaintiff file a separate affidavit or declaration identifying each prior suit brought by the inmate; as to each prior suit, the affidavit or declaration must specify the operative facts, the case

---

[2]TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002).

[3]We note that the dismissal was without prejudice.

[4]Because we affirm the dismissal, we will not address Francis' complaint about costs being assessed against him.

name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (Vernon 2002).

Francis' affidavit lists five separate lawsuits, specifying the case name and the names of the defendants, the name of the court in which each suit was filed, the nature of each lawsuit, the operative facts underlying each claim, and the disposition of each case. For two of the cases, although all of the other information is provided, the cause number is listed as "unknown." Francis further stated that he could not provide the cause number for those two cases or the exact date each case was filed (he did provide the year for each) because his property had been lost several times over his years of being incarcerated.

Although the affidavit is not technically perfect, Francis has nonetheless provided the most critical information. He has also provided ample data by which the two missing case numbers and pinpoint dates of filing could easily be determined, if needed, along with a reasonable explanation for their absence.

We note that this limited record indicates that the trial court did not realize that an affidavit had been filed, and we find this affidavit, with only the omission of some cause numbers and pinpoint dates of filing, combined with an explanation for the absence, would not support dismissal. We sustain this point of error.

4

*(2)     The Trial Court Did Not Abuse Its Discretion in Finding That Francis' Claim Has No Arguable Basis in Law or in Fact*

The judgment of dismissal also states that the cause was dismissed because it was frivolous or malicious. No motion to dismiss was filed; thus, there is no argument or explanation from any source to suggest how the suit was either frivolous or malicious.

In a general sense, in determining whether a claim is frivolous or malicious, a trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b) (Vernon 2002). Nothing in the record suggests that this situation involves an inability to prove allegations or substantial similarity to prior suits; thus, the only remaining possible bases for dismissal are whether (a) the claim's realistic chance of ultimate success is slight, or (b) the claim has no arguable basis in law or in fact.

Francis does not allege intentional infliction of emotional distress. His suit is couched solely in terms of simple negligence. There is no general duty not to negligently inflict emotional distress. *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997); *Boyles v. Kerr*, 855 S.W.2d 593, 597–98

(Tex. 1993).[5]  *Likes* and *Boyle*, however, acknowledge this does not affect a claimant's right to recover mental anguish damages caused by some breach of some other legal duty.

Francis alleged that the defendants had a duty to perform duties as set out under Title 4 of the Texas Government Code.  There are duties placed on the Department by the Legislature, in Section 494.001 of the Texas Government Code, and rules govern the conduct of prison guards toward inmates.  *See* TEX. GOV'T CODE ANN. § 494.001 (Vernon 2004).

Section 14.003(b)(1)–(3) of the Texas Civil Practice and Remedies Code provides multiple grounds for dismissal, but, where there has been no fact-finding hearing, the court may dismiss the inmate's claim only if the claim lacked an arguable basis in law.  *Johnson v. Franco*, 893 S.W.2d 302, 303 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1)–(3).  Because this is a question of law, the standard of review is de novo, as opposed to abuse of discretion.  *See In re Humphreys*, 880 S.W.2d 402 (Tex. 1994).

To have no arguable basis in law, a claim must be based on "an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), or the facts alleged must rise to the level of the irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied).  "An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations

[5]The court declined to impose a requirement that emotional distress manifest itself physically to be compensable.

unlikely." *Denton*, 504 U.S. at 33. Therefore, for the claim to have no basis in law, the facts as pled must not set out a cause of action.[6]

Similarly to the claims made in *Gill*, Francis alleged that he had suffered mental anguish, humiliation, and embarrassment. On the other hand, of the causes of action Francis attempted to plead, only general negligence might have been actionable, and there was no personal injury pled. By contrast, Gill pled both common-law fraud and a deceptive trade practice. Nor did Francis allege that this mental anguish caused substantial disruption in his daily routine or a high degree of mental pain and distress. *See Gill*, 64 S.W.3d at 605. Francis essentially pled that, because of Johnson's negligently denying him the right to use the restroom in the library building on this occasion, he suffered severe pain in his abdomen, defecated in his pants, "was made fun of and embarrassed," and laughed at. He prayed for compensatory damage for pain, suffering, and "humiliation."

For a plaintiff to recover for mental anguish without proof of any physical injury, he or she must provide either (a) "direct evidence of the nature, duration, or severity of [his or her] anguish, thus establishing a substantial disruption in [his or her] daily routine," or (b) other evidence of "'a high degree of mental pain and distress' that is 'more than mere worry, anxiety, vexation,

---

[6]The Eighth Amendment prohibits "cruel and unusual punishments." U.S. CONST. amend. VIII. The Eighth Amendment does not protect prison inmates from mere negligence. *See Berry v. Tex. Dep't of Criminal Justice*, 864 S.W.2d 578, 580 (Tex. App.—Tyler 1993, no writ); *see also Scott v. Britton*, 16 S.W.3d 173, 182 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Therefore, while Francis has alleged a cause of action for negligence, he has not alleged a cause of action under the Eighth Amendment. As such, to the extent Francis alleges an Eighth-Amendment claim, such has no arguable basis in law. *See Archer v. Tex. Dep't of Criminal Justice-Institutional Div.*, No. 12-07-00012-CV, 2008 Tex. App. LEXIS 2691 (Tex. App.— Tyler Apr. 16, 2008, no pet.).

7

embarrassment, or anger.'" *Saenz v. Fid. & Guar. Ins.*, 925 S.W.2d 607, 614 (Tex. 1996) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)). Here, Francis pled no physical injury, just mental anguish. He also did not plead that there was any particular duration or severity to his anguish which substantially disrupted his daily routine in any way. And the mental anguish he pled—though we can sympathize with it—is nothing beyond "worry, anxiety, vexation, embarrassment, or anger." *See id*. We conclude that the trial court did not abuse its discretion in finding that Francis' petition set out "an indisputably meritless legal theory." *See Neitzke*, 490 U.S. at 327.

We affirm the judgment.


_____
Josh R. Morriss, III
Chief Justice


Date Submitted:     September 30, 2008
Date Decided:       October 17, 2008

8