TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00205-CV




Joe Pena, Sr., Individually and 
on Behalf of his Deceased Daughter, Kimberly Elizabeth Pena, Appellant


v.

Patricia Stewart-Foulks, M.D., Appellee




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 235,377-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 




                                            M E M O R A N D U M O P I N I O N

                        Joe Pena, Sr., an inmate in the Texas Department of Criminal Justice—Correctional
Institutions Division, appeals the order of the trial court dismissing his pro se petition against Patricia
Stewart-Foulks, M.D. (“Defendant”). Pena’s petition was filed on March 26, 2009. Before service
of process on the Defendant and without a fact-finding hearing, the trial court on March 27, 2009,
dismissed the petition after finding it failed to comply with chapter 14 of the Texas Civil Practice
and Remedies Code and that Pena’s suit was frivolous and malicious because it had no arguable
basis in law or fact. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). The
dismissal order does not specify the basis for the court’s finding that the claims were frivolous. For
reasons set forth below, we affirm the court’s dismissal order. 
 
STANDARD OF REVIEW
                        We review a trial court’s chapter 14 dismissal of an indigent inmate’s claim under
an abuse-of-discretion standard. Samuels v. Strain, 11 S.W.3d 404, 406 (Tex. App.—Houston
[1st Dist.] 2000, no pet.); Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex.
App.—Fort Worth 1997, writ denied). A trial court abuses its discretion if it acts arbitrarily,
unreasonably, without regard to guiding legal principles, or without supporting evidence. K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000); Bocquet v. Herring, 972 S.W.2d 19, 20
(Tex. 1998).
 
DISCUSSION
                        Section 14.003 of the Texas Civil Practice and Remedies Code provides multiple
grounds for dismissing an indigent inmate’s claim. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a). Section 14.003(a)(2) provides that a court may dismiss a claim, either before or after
service of process, if the court finds that the claim is frivolous or malicious. Id. When a court
dismisses a claim without a fact-finding hearing, the court could not have determined that the suit
had no arguable basis in fact. Harrison v. Texas Dep’t of Crim. Justice, 915 S.W.2d 882, 887
(Tex. App.—Houston [1st Dist.] 1995, no writ) (citing Hector v. Thaler, 862 S.W.2d 176, 178
(Tex. App.—Houston [1st Dist.] 1993, no writ)). We, therefore, interpret the trial court’s action as
a finding that Pena’s claims lack an arguable basis in law. See Tex. Civ. Prac. & Rem.
Code § 14.003(a), (b); Retzlaff v. Texas Dep’t of Crim. Justice, 94 S.W.3d 650, 653
(Tex. App.—Houston [14th Dist.] 2002, pet. denied); Gill v. Boyd Distrib. Ctr., 64 S.W.3d 601, 603
(Tex. App.—Texarkana 2001, pet. denied); McDonald v. Houston Dairy, 813 S.W.2d 238, 239
(Tex. App.—Houston [1st Dist.] 1991, no writ).
                        We must determine whether the trial court properly found there is no arguable basis
in law for Pena’s claims. Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990). While the
dismissal of inmate litigation under chapter 14 is generally reviewed for an abuse of discretion,
whether there was an arguable basis in law for an inmate’s claims is a question of law that we review
de novo. Minix v. Gonzalez, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.); 
Gill, 64 S.W.3d at 603. For a claim to have no arguable basis in law, it must be based on “‘an
indisputably meritless legal theory’” or wholly incredible or irrational factual allegations. Gill,
64 S.W.3d at 603 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989), and citing
Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Accordingly, we examine Pena’s petition to decide
whether, as a matter of law, it stated a cause of action that would authorize relief. 

Factual Allegations

                         Pena’s petition contained the following allegations. On September 23, 1993, Pena,
his wife, and daughter Kimberly were involved in a motor vehicle accident. Pena’s wife was killed,
and Kimberly was ejected from the truck. Kimberly was transported by ambulance to Rockdale
Memorial Hospital where the doctors diagnosed her with vomiting, bruises to the right side of her
head, and abrasions to her posterior. Later that same day she was transported to Scott and White
Hospital in Temple, where Defendant placed her in the intensive care unit. Before releasing her on
September 29, 1993, Defendant made a last evaluation of Kimberly. Pena alleged Defendant’s
assessment of Kimberly was the following: “A 21-month-old who was fortunate to have survived
a car accident, with possibility of renal trauma.” 
                        On December 16, 1993, Kimberly was taken to the family pediatrician who diagnosed
her with pneumonia. However, after x-rays, a clot showed up and Kimberly was sent to
Brackenridge Hospital in Austin. At Brackenridge, Kimberly was diagnosed with having a cracked
rib and a blood clot under her lung. 
                        Twenty-five months after Defendant’s last evaluation of Kimberly, she died of her
injuries. Kimberly was three years and seven-months-old.

Cause of Action

                        Pena pleaded Defendant was medically negligent in releasing Kimberly from the
hospital with the possibility of renal trauma and in overlooking her internal injuries that later caused
her death. He further contended that, because he only learned of Defendant’s actions after receiving
medical records from Scott and White Hospital on January 25, 2005, his negligence claims were not
barred by limitations.
                        Section 74.251(b) of the Texas Civil Practice and Remedies Code entitled, “Statute
of Limitations on Health Care Liability Claims,” states the following:
 
                        A claimant must bring a health care liability claim not later than 10
years after the date of the act or omission that gives rise to the claim. 
This subsection is intended as a statute of repose so that all claims
must be brought within 10 years or they are time barred.


Tex. Civ. Prac. & Rem. Code Ann. § 74.251(b) (West 2005). September 29, 1993, is the date of
Defendant’s assessment of Kimberly’s condition, the act that allegedly gave rise to Pena’s claim of
medical negligence. Pena filed his claim on March 26, 2009, more than 10 years after
September 29, 1993. Pena’s health care liability claim, therefore, is time barred. See id. 

CONCLUSION

                        Having determined that Pena’s health care liability claim is time barred, we affirm
the trial court’s order of dismissal.
 
                                                                        __________________________________________
                                                                        David Puryear, Justice
Before Justices Patterson, Puryear and Pemberton
Affirmed
Filed: November 17, 2010