# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00205-CV

**Joe Pena, Sr., Individually and
on Behalf of his Deceased Daughter, Kimberly Elizabeth Pena, Appellant**

**v.**

**Patricia Stewart-Foulks, M.D., Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
## NO. 235,377-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joe Pena, Sr., an inmate in the Texas Department of Criminal Justice—Correctional Institutions Division, appeals the order of the trial court dismissing his pro se petition against Patricia Stewart-Foulks, M.D. ("Defendant"). Pena's petition was filed on March 26, 2009. Before service of process on the Defendant and without a fact-finding hearing, the trial court on March 27, 2009, dismissed the petition after finding it failed to comply with chapter 14 of the Texas Civil Practice and Remedies Code and that Pena's suit was frivolous and malicious because it had no arguable basis in law or fact. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). The dismissal order does not specify the basis for the court's finding that the claims were frivolous. For reasons set forth below, we affirm the court's dismissal order.

**STANDARD OF REVIEW**

We review a trial court's chapter 14 dismissal of an indigent inmate's claim under an abuse-of-discretion standard. *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, writ denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

**DISCUSSION**

Section 14.003 of the Texas Civil Practice and Remedies Code provides multiple grounds for dismissing an indigent inmate's claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Section 14.003(a)(2) provides that a court may dismiss a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious. *Id.* When a court dismisses a claim without a fact-finding hearing, the court could not have determined that the suit had no arguable basis in fact. *Harrison v. Texas Dep't of Crim. Justice*, 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex. App.—Houston [1st Dist.] 1993, no writ)). We, therefore, interpret the trial court's action as a finding that Pena's claims lack an arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a), (b); *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied); *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239

(Tex. App.—Houston [1st Dist.] 1991, no writ).

We must determine whether the trial court properly found there is no arguable basis in law for Pena's claims. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990). While the dismissal of inmate litigation under chapter 14 is generally reviewed for an abuse of discretion, whether there was an arguable basis in law for an inmate's claims is a question of law that we review de novo. *Minix v. Gonzalez*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Gill*, 64 S.W.3d at 603. For a claim to have no arguable basis in law, it must be based on "'an indisputably meritless legal theory'" or wholly incredible or irrational factual allegations. *Gill*, 64 S.W.3d at 603 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Accordingly, we examine Pena's petition to decide whether, as a matter of law, it stated a cause of action that would authorize relief.

***Factual Allegations***

Pena's petition contained the following allegations. On September 23, 1993, Pena, his wife, and daughter Kimberly were involved in a motor vehicle accident. Pena's wife was killed, and Kimberly was ejected from the truck. Kimberly was transported by ambulance to Rockdale Memorial Hospital where the doctors diagnosed her with vomiting, bruises to the right side of her head, and abrasions to her posterior. Later that same day she was transported to Scott and White Hospital in Temple, where Defendant placed her in the intensive care unit. Before releasing her on September 29, 1993, Defendant made a last evaluation of Kimberly. Pena alleged Defendant's assessment of Kimberly was the following: "A 21-month-old who was fortunate to have survived a car accident, with possibility of renal trauma."

3

On December 16, 1993, Kimberly was taken to the family pediatrician who diagnosed her with pneumonia. However, after x-rays, a clot showed up and Kimberly was sent to Brackenridge Hospital in Austin. At Brackenridge, Kimberly was diagnosed with having a cracked rib and a blood clot under her lung.

Twenty-five months after Defendant's last evaluation of Kimberly, she died of her injuries. Kimberly was three years and seven-months-old.

### Cause of Action

Pena pleaded Defendant was medically negligent in releasing Kimberly from the hospital with the possibility of renal trauma and in overlooking her internal injuries that later caused her death. He further contended that, because he only learned of Defendant's actions after receiving medical records from Scott and White Hospital on January 25, 2005, his negligence claims were not barred by limitations.

Section 74.251(b) of the Texas Civil Practice and Remedies Code entitled, "Statute of Limitations on Health Care Liability Claims," states the following:

> A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

Tex. Civ. Prac. & Rem. Code Ann. § 74.251(b) (West 2005). September 29, 1993, is the date of Defendant's assessment of Kimberly's condition, the act that allegedly gave rise to Pena's claim of medical negligence. Pena filed his claim on March 26, 2009, more than 10 years after

4

September 29, 1993.  Pena's health care liability claim, therefore, is time barred.  *See id.*

## CONCLUSION

Having determined that Pena's health care liability claim is time barred, we affirm the trial court's order of dismissal.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:  November 17, 2010