# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2016

Lyle W. Cayce
Clerk

LARRY MARK POLSKY, et al, Member of a "Class",

Plaintiff - Appellant

v.

DISH NETWORK SERVICE, L.L.C.,

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CV-64

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Larry Mark Polsky appeals the district court's final judgment dismissing his action with prejudice on cross-motions for summary judgment. In brief, Polsky, a licensed attorney, brought this action against Defendant-Appellee Dish Network Service, L.L.C. ("Dish"), eventually asserting, after several amendments to his complaint, three fundamental

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims arising out of Dish's internet and television services. On de novo review, applying the same Rule 56 standards as the district court,[1] we affirm essentially for the reasons set out by the district court in its August 7, 2015 memorandum opinion and order granting Dish's motion for summary judgment and denying Polsky's motion.

Polsky asserted claims against Dish under what is currently Section 17.46(b)(24) of the Texas Deceptive Trade Practices Act ("TDTPA") based on Dish's internet and television service, for which he entered into a contract in late 2013. Polsky signed up for an internet plan that allowed him to use up to 30 gigabytes per month divided equally between two time periods: 15 gigabytes per month between 8:00 a.m. and 2:00 a.m. ("peak hours"), and 15 gigabytes per month between 2:00 a.m. and 8:00 a.m. ("off-peak hours"). As part of his television service, he gained access to a Dish feature called the Hopper, which would allow him to skip commercials under some circumstances. The Hopper also allowed the user to view recorded television content in multiple locations.

First, although Polsky conceded he received the service for which he paid, he argued Dish somehow harmed him by failing to inform him that it did not actually monitor customers' usage during non-peak hours—a fact Polsky learned during discovery. Polsky claimed that if he had known Dish did not monitor off-peak usage, he would have signed up for a lower tier of service and simply used the internet more during off-peak hours, saving himself money. The district court rejected this claim using an apt analogy:

> During oral arguments, this Court searched without total success to come up with an analogy to accurately portray this claim, but, placed in a fast food context, Polsky's complaint is as follows. A consumer goes into a fast food restaurant and orders a large drink, pays for a large drink, and receives a large drink. The restaurant charges a fee for refills. After purchasing and receiving that drink,

---

[1] *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007).

the consumer notices that the employees are too busy doing other duties to monitor whether individuals are paying for refills or just getting their own refills without paying. The purchaser of the large drink then sues the restaurant, not for its failure to provide him with the very item he ordered, but, instead, for not telling him that they were too busy to see who got refills and who did not. If he had been told this facet, he could have ordered a medium drink and then just pilfered a refill without paying, thereby saving money.

This Court finds that there is no cause of action, regardless of whether it is based in contract, tort, upon a consumer protections statute, or in law or equity, that would lie against a merchant because it did not disclose to a consumer a way in which, instead of honestly paying for a good or service, that consumer could surreptitiously obtain that good or service. No merchant is required to inform a consumer that there is a way in which its products or services can be bootlegged to avoid a lawful payment. The Defendant's Motion for Summary Judgment as to Polsky's Internet claim is granted.[2]

We agree. There is no merit whatsoever to Polsky's internet claim.

Second, Polsky argued that Dish wrongfully failed to disclose facts about the Hopper's limitations. Specifically, he claimed he was led to believe that he could use the feature to skip commercials in a wide variety of television shows when it fact the feature was limited to certain television programs from a handful of television networks, and the feature usually was only available the day after the program originally aired. As the district court noted, Dish's advertisements featuring the Hopper were replete with references to the Hopper's limitations, statements that restrictions applied, and notices that potential customers should contact Dish for more details. Polsky conceded that he never asked about the Hopper's limitations, and he failed to point out any affirmative misstatement by Dish regarding its service.

---

[2] *Polsky v. Dish Network Service, L.L.C.*, No. 1:14-cv-00064, slip op. at 3-4 (S.D. Tex. Aug. 7, 2015).

No. 15-41101

As the district court noted in its well-reasoned opinion, for Hopper to prevail on his TDTPA claim, he would have to show, among other things, that Dish failed to disclose information about the Hopper and that Dish intended to dupe consumers by failing to disclose that information.[3] The district court concluded that Polsky failed to present evidence on either of one of these points. To the contrary, the record unequivocally shows that Dish plainly disclosed the Hopper's limitations, and Polsky has presented no competent summary judgment evidence of any intent to deceive consumers. Thus, we necessarily reach the same conclusion as the district court and affirm the dismissal of Polsky's Hopper claim.

Third and finally, Polsky argues that he is entitled to relief under Tex. Bus. & Comm. Code § 17.50(a)(3), which provides: "(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish: . . . (3) any unconscionable action or course of action by any person . . . ." We concur with the district court's assessment:

> The plaintiff's assertions in this regard are at best hypothetical and at worse made in bad faith. Plaintiff has suffered no injury whatsoever from Dish's conduct that was not precipitated by his own actions. Thus, the plaintiff has no damages and thus lacks standing to make the claim he has.[4]

The district court set out other valid reasons for denying Polsky's third claim, but this is sufficient to bar relief.

In sum, Polsky's claims are contrary to common sense and good faith, are not supported by record evidence, and are frivolous. We conclude the district

---

[3] *Id.* at 5 (citing, *inter alia, Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 604 (Tex. App. 2001)).

[4] *Id.* at 7.

No. 15-41101

court properly dismissed them, and we affirm essentially for the reasons given by the district court.

AFFIRMED.